**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

CRAIG SCHULTZ and
BELEN SCHULTZ

      Plaintiffs

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC AND PORTFOLIO
RECOVERY ASSOCIATES, INC.,

      Defendants

NO.: 6:12-cv-02022-LRR

---

## COMPLAINT

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Iowa Debt Collection Practices Act ("IaDCPA"), Iowa Code Ann. §537. 7103.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4.     Plaintiffs, Craig Schultz and Belen Schultz ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Iowa, County of Chickasaw, and City of Ionia.

1

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.     Plaintiffs are "debtors" as defined by Iowa Code Ann. §537.7102(6).

7.     Defendant, Portfolio Recovery Associates, LLC, ("PRA, LLC") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Iowa Code Ann. §537.7102(4).

8.     PRA, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Iowa Code Ann. §537.7102(5).

9.     Defendant, Portfolio Recovery Associates, Inc., ("PRA, INC") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Iowa Code Ann. §537.7102(4).

10.     PRA, INC. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Iowa Code Ann. §537.7102(5).

## FACTUAL ALLEGATIONS

11.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due to Defendant PRA, INC., arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.     Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant PRA, LLC.

2

14.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.    Plaintiffs mailed Wetsch & Abbott, agent-in-fact of Defendants PRA, LLC and PRA, Inc., demands to cease and desist communications on April 17, 2007 and May 27, 2007.

16.    Defendants' agent-in-fact received Plaintiffs' two written demands to cease and desist communications on April 23, 2007 and on or about June 1, 2007.

17.    In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of Defendant PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on March 17, 2011 at 7:39 A.M., a time Defendant knew or should have known was inconvenient for Plaintiffs.

18.    In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on March 18, 2011 at 7:33 A.M., a time Defendants knew or should have known was inconvenient for Plaintiffs.

19.    In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on April 12, 2011 at 7:06 A.M., a time Defendants knew or should have known was inconvenient for Plaintiffs.

20.    In connection with collection of an alleged debt in default, despite receipt of

3

Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on April 18, 2011 at 11:20 A.M., and at such time, left a five-second voicemail with no audible message.

21.     In its voicemail message of April 18, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

22.     In its voicemail message of April 18, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

23.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on April 22, 2011 at 7:05 A.M., a time Defendants knew or should have known was inconvenient for Plaintiffs.

24.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on May 29, 2011 at 4:20 P.M., and at such time, left a five-second voicemail with no audible message.

25.     In its voicemail message of May 29, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

26.     In its voicemail message of May 29, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

27.     In connection with collection of an alleged debt in default, despite receipt of

4

Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on June 27, 2011 at 5:14 P.M., and at such time, left a five-second voicemail with no audible message.

28.     In its voicemail message of June 27, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

29.     In its voicemail message of June 27, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

30.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC called Plaintiffs' residential telephone on July 2, 2011 at 11:08 A.M., and at such time, left a five-second voicemail with no audible message.

31.     In its voicemail message of July 2, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

32.     In its voicemail message of July 2, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

33.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on July 14, 2011 at 8:08 A.M., and at such time, left a five-second voicemail with no audible message.

34.     In its voicemail message of July 14, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

Case 6:12-cv-02022-LRR   Document 2   Filed 03/15/12   Page 5 of 19

35.     In its voicemail message of July 14, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

36.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on August 1, 2011 at 5:53 P.M., and at such time, left a five-second voicemail with no audible message.

37.     In its voicemail message of August 1, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

38.     In its voicemail message of August 1, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

39.     In connection with collection of an alleged debt in default, despite receipt of Plaintiffs' demand to cease communications, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on August 8, 2011 at 5:28 P.M., and at such time, left a five-second voicemail with no audible message.

40.     In its voicemail message of August 8, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

41.     In its voicemail message of August 8, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

42.     Plaintiffs sent Defendant PRA, LLC written correspondence dated August 7, 2011, in which Plaintiffs demanded Defendant cease all communications with Plaintiffs.

43.     Defendant PRA, LLC received Plaintiffs' demand to cease all communications

6

with Plaintiffs on August 10, 2011.

44.     In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on August 23, 2011 at 8:21 P.M., and at such time, left a five-second voicemail with no audible message.

45.     In its voicemail message of August 23, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

46.     In its voicemail message of August 23, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

47.     In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on August 31, 2011 at 8:05 P.M., and at such time, left a five-second voicemail with no audible message.

48.     In its voicemail message of August 31, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

49.     In its voicemail message of August 31, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

50.     In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on September 12, 2011 at 8:29 P.M., and at such time, left a five-

second voicemail with no audible message.

51. In its voicemail message of September 12, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

52. In its voicemail message of September 12, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

53. In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on September 22, 2011 at 8:09 P.M., and at such time, left a five-second voicemail with no audible message.

54. In its voicemail message of September 22, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

55. In its voicemail message of September 22, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

56. In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on October 31, 2011 at 8:12 P.M., and at such time, left a five-second voicemail with no audible message.

57. In its voicemail message of October 31, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

58. In its voicemail message of October 31, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

8

59. In connection with collection of an alleged debt in default, and despite receipt of Plaintiffs' written demand to cease all communications with Plaintiffs, Defendant PRA, LLC, itself and on behalf of PRA, Inc., placed a telephone call to, or caused a telephone call to be placed to, Plaintiffs' residence on November 21, 2011 at 2:27 P.M., and at such time, left a five-second voicemail with no audible message.

60. In its voicemail message of November 21, 2011, Defendant PRA, LLC failed to disclose its true corporate or business name in a telephone call to Plaintiffs.

61. In its voicemail message of November 21, 2011, Defendant PRA, LLC failed to notify Plaintiffs that the communication was from a debt collector.

62. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)
## DEFENDANT PRA, LLC

63. Plaintiff repeats and re-alleges each and every allegation contained above.

64. Defendant PRA, LLC violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692c(a)(1));

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)
## DEFENDANT PRA, LLC

65.   Plaintiff repeats and re-alleges each and every allegation contained above.

66.   Defendant PRA, LLC violated 15 U.S.C. § 1692c(c) by communicating with Plaintiffs after having received a letter from Plaintiffs with a request to cease and desist all collection contacts or a statement that Plaintiffs refuses to pay the debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)
## DEFENDANT PRA, LLC

67.   Plaintiff repeats and re-alleges each and every allegation contained above.

68. Defendant PRA, LLC violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692d(6)**
**DEFENDANT PRA, LLC**

69. Plaintiff repeats and re-alleges each and every allegation contained above.

70. Defendant PRA, LLC violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs. See Langdon v. Credit Management, LP, 2010 WL 3341860 (N.D.Cal. 2010) (where defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

11

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(11)
### DEFENDANT PRA, LLC

71.    Plaintiff repeats and re-alleges each and every allegation contained above.

72.    Defendant PRA, LLC violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)
### DEFENDANT PRA, INC

73.    Plaintiff repeats and re-alleges each and every allegation contained above.

74.    Defendant PRA, INC violated 15 U.S.C. § 1692c(a)(1) by communicating with

12

Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692c(a)(1));

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
**DEFENDANT PRA, INC.**

75.    Plaintiff repeats and re-alleges each and every allegation contained above.

76.    Defendant PRA, INC violated 15 U.S.C. § 1692c(c) by communicating with Plaintiffs after having received a letter from Plaintiffs with a request to cease and desist all collection contacts or a statement that Plaintiffs refuses to pay the debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692c(c);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

13

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692d(5)
## DEFENDANT PRA, INC

77. Plaintiff repeats and re-alleges each and every allegation contained above.

78. Defendant PRA, INC violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692d(6)
## DEFENDANT PRA, INC.

79. Plaintiff repeats and re-alleges each and every allegation contained above.

80. Defendant PRA, INC violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs. See Langdon v. Credit Management, LP, 2010 WL 3341860 (N.D.Cal. 2010) (where defendant calls plaintiff and

Case 6:12-cv-02022-LRR   Document 2   Filed 03/15/12   Page 14 of 19

hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**DEFENDANT PRA, INC.**

81.    Plaintiff repeats and re-alleges each and every allegation contained above.

82.    Defendant PRA, INC violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be

Case 6:12-cv-02022-LRR   Document 2   Filed 03/15/12   Page 15 of 19

allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF I.D.C.P.A. § 537.7103(2)(d)
## DEFENDANTS PRA, LLC

83. Plaintiff repeats and re-alleges each and every allegation contained above.

84. Defendant PRA, LLC violated I.D.C.P.A. § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated I.D.C.P.A. § 537.7103(2)(d);

b) Awarding Plaintiff statutory damages, pursuant to Iowa Code Ann. §537.5201, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Iowa Code Ann. §537.5201;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF I.D.C.P.A. § 537.7103(2)(b)
## DEFENDANTS PRA, LLC

85. Plaintiff repeats and re-alleges each and every allegation contained above.

86. Defendant PRA, LLC violated I.D.C.P.A. § 537.7103(2)(b) by the placement of telephone calls to the debtor without disclosure of the name of the business or company the debt

16

collector represents.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, LLC violated I.D.C.P.A. § 537.7103(2)(b);

b) Awarding Plaintiff statutory damages, pursuant to Iowa Code Ann. §537.5201, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Iowa Code Ann. §537.5201;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIII**
**VIOLATION OF I.D.C.P.A. § 537.7103(2)(d)**
**DEFENDANTS PRA, INC**

87.     Plaintiff repeats and re-alleges each and every allegation contained above.

88.     Defendant PRA, INC violated I.D.C.P.A. § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, INC. violated I.D.C.P.A. § 537.7103(2)(d);

b) Awarding Plaintiff statutory damages, pursuant to Iowa Code Ann. §537.5201, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Iowa Code Ann. §537.5201;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## VIOLATION OF I.D.C.P.A. § 537.7103(2)(b)
## DEFENDANTS PRA, INC

89.     Plaintiff repeats and re-alleges each and every allegation contained above.

90.     Defendant PRA, INC violated I.D.C.P.A. § 537.7103(2)(b) by the placement of telephone calls to the debtor without disclosure of the name of the business or company the debt collector represents.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRA, INC. violated I.D.C.P.A. § 537.7103(2)(b);

b) Awarding Plaintiff statutory damages, pursuant to Iowa Code Ann. §537.5201, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Iowa Code Ann. § 537.5201;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

18

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of March, 2012

<u>**/s/ JD Haas**</u>
 JD Haas, Esq.
***JD Haas and Associates, PLLC***
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:    (952) 345-1025
Facsimile:    (952) 854-1665
Email: JDHaas@AttorneysForConsumers.com

***Co-counsel with Weisberg & Meyers, LLC***

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com

19