IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

CRAIG SCHULTZ and BELEN
SCHULTZ,

    Plaintiffs,

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC and PORTFOLIO
RECOVERY ASSOCIATES, INC.,

    Defendants.

No. 12-CV-2022-LRR

ORDER

_____

TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
II. PROCEDURAL HISTORY.. . . . . . . . . . . . . . . . . . . . . . . . . . *2*
III. SUBJECT MATTER JURISDICTION .. . . . . . . . . . . . . . . . . . . . . . *2*
IV. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
V. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    A.     *Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    B.     *Overview of Dispute* . . . . . . . . . . . . . . . . . . . . . . . . *4*
VI. PERSONAL JURISDICTION FRAMEWORK . . . . . . . . . . . . . . . . . . . *4*
VII. ANALYSIS .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    A.     *Alter Ego Doctrine* . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        1.     *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . *7*
        2.     *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . *8*
        3.     *Application* . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    B.     *Vicarious Liability* . . . . . . . . . . . . . . . . . . . . . . . . *11*

|   | 1. | *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11* |
|---|----|---|
|   | 2. | *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12* |
|   | 3. | *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13* |

**VIII.** **ATTORNEY'S FEES AND COSTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

**IX.** **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

## *I. INTRODUCTION*

The matter before the court is Defendant Portfolio Recovery Associates, Inc.'s ("PRA, Inc.") "Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction" ("Motion") (docket no. 16).

## *II. PROCEDURAL HISTORY*

On April 6, 2012, Plaintiffs Craig Schultz and Belen Schultz filed an Amended Complaint (docket no. 5) against Portfolio Recovery Associates, LLC ("PRA, LLC") and PRA, Inc. alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Iowa Debt Collection Practices Act ("IDCPA"), Iowa Code §§ 537.7101-537.7103. On May 11, 2012, PRA, Inc. filed the Motion, which requests that the court dismiss the claims against PRA, Inc. for lack of personal jurisdiction. On May 25, 2012, Plaintiffs filed a Resistance (docket no. 17). On May 31, 2012, PRA, Inc. filed a Reply (docket no. 18). Neither party requests oral argument on the Motion, and the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## *III. SUBJECT MATTER JURISDICTION*

The court has subject matter jurisdiction over the claims arising under the FDCPA pursuant to 15 U.S.C. § 1692k(d), which states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . ." 15 U.S.C. § 1692k(d); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

2

The court has supplemental jurisdiction over Plaintiffs' state-law claims arising under the IDCPA because they are so related to the claims over which the court has federal question jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."). In other words, "[t]he federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)) (internal quotation marks omitted).

## IV. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), PRA, Inc. moves to dismiss this case for lack of personal jurisdiction. "'[T]o defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction[,]' and may do so by affidavits, exhibits, or other evidence." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004) (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003)). Although the court must view the evidence in the light most favorable to the nonmoving party and resolve all factual conflicts in its favor, "'[t]he party seeking to establish the court's in personam jurisdiction[, that is, the nonmoving party,] carries the burden of proof, and the burden does not shift to the party challenging jurisdiction.'" *Id.* at 983-84 (quoting *Epps*, 327 F.3d at 647). "While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." *Epps*, 327 F.3d at 647.

## V. FACTUAL BACKGROUND

### A. *Parties*

Viewed in the light most favorable to Craig Schultz and Belen Schultz (collectively, "Plaintiffs"), the facts are as follows: Plaintiffs are citizens of the State of Iowa. PRA, Inc. is a Delaware corporation with its principal place of business in Virginia. Brief in Support of Motion (docket no. 16-1) at 3. PRA, LLC is a wholly owned subsidiary of PRA, Inc. Resistance at 2. PRA, LLC is registered with the Iowa Secretary of State. *See* Iowa Secretary of State Search (docket no. 17-3).

### B. *Overview of Dispute*

The dispute in this case centers around a debt that Plaintiffs allegedly owe to a creditor other than PRA, LLC or PRA, Inc. In the Complaint, Plaintiffs claim that PRA, LLC contacted Plaintiffs on behalf of the creditor that in an effort to collect the debt. Plaintiffs sent letters dated April 17, 2007 and May 27, 2007 demanding that PRA, LLC and PRA, Inc. cease and desist communications with Plaintiffs. Complaint at ¶ 15. Between the dates of March 17, 2011 and August 8, 2011, PRA, LLC placed eleven telephone calls to Plaintiffs. Over this same time period, PRA, LLC left Plaintiffs seven voicemail messages. In the voicemail messages, PRA, LLC never disclosed that it was in the business of collecting debt, and it did not disclose its business name.

## VI. PERSONAL JURISDICTION FRAMEWORK

Personal jurisdiction is governed by the law of the forum state. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 97 (1987) (holding that personal jurisdiction was governed by the forum state's long-arm statute because the applicable federal statute was silent about service of process); *see also Velez*, 2012 WL 3038535, at *4 ("When the relevant federal statute is silent as to service of process, as is the case here, a court may exercise personal jurisdiction only to the extent permitted by the forum state's long-arm statute."). "A federal court may exercise personal jurisdiction over a nonresident

defendant only if doing so is consistent with both the forum state's long-arm statute and the requirements of the Due Process Clause." *Primus Corp. v. Centreformat Ltd.*, 221 F. App'x 492, 493 (8th Cir. 2007) (per curiam) (citing *Romak USA*, 384 F.3d at 984). Iowa's long-arm statute extends personal jurisdiction over nonresidents to the fullest extent permissible under the Due Process Clause. *See* Iowa R. Civ. P. 1.306; *see also Hicklin Eng'g, Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992) (per curiam) ("[P]ersonal jurisdiction in Iowa reaches to the fullest extent permitted by the Constitution . . . ."); *Roquette Am., Inc. v. Gerber*, 651 N.W.2d 896, 899 (Iowa Ct. App. 2002). Therefore, in determining whether the court has personal jurisdiction over an out-of-state defendant, the crucial inquiry is whether the exercise of personal jurisdiction is in accord with due process. *Hicklin Eng'g*, 959 F.2d at 739.

"The Due Process Clause requires that 'minimum contacts' exist between the nonresident defendant and the forum state before the court can exercise jurisdiction over the defendant." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). "'Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1090-91 (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). "The contacts with the forum state must be more than random, fortuitous, or attenuated." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1389 (8th Cir. 1991) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (internal quotation marks omitted).

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

414-15 (1984)); *see also Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) ("The Supreme Court has set forth two theories for evaluating minimum contacts, general jurisdiction and specific jurisdiction."). General jurisdiction exists "if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances, the alleged injury need not have any connection with the forum state." *Steinbuch*, 518 F.3d at 586 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984)). However, "[t]he plaintiff must make a prima facie showing . . . that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.'" *Id.* (quoting *Keeton*, 465 U.S. at 774). "Specific jurisdiction . . . is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Id.* (citing *Burger King Corp.*, 471 U.S. at 472).

"Both theories of personal jurisdiction require 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Dever*, 380 F.3d at 1073 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The Eighth Circuit Court of Appeals has

> instructed courts to consider the following factors when resolving a personal jurisdiction inquiry: '(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties.'

*Id.* at 1073-74 (alterations in original) (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)); *see also Aftanase v. Econ. Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965) (creating five-factor inquiry).

The first three factors are the most important. *Dever*, 380 F.3d at 1074

("Significant weight is given to the first three factors."); *Dakota Indus.*, 946 F.2d at 1390 (noting that the first three factors are the most important). The factors must not be applied mechanically; they are not a "slide rule by which fundamental fairness can be ascertained with mathematical precision." *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226 (8th Cir. 1987) (quoting *Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267, 1270 (8th Cir. 1978)) (internal quotation mark omitted). Few answers to jurisdictional questions "will be written in black and white." *Burger King Corp.*, 471 U.S. at 486 n.29 (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 92 (1978)) (internal quotation mark omitted).

## VII. ANALYSIS

PRA, Inc. moves to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that it is not subject to personal jurisdiction in Iowa because PRA, Inc. is not a debt collector, does not conduct any business in the State of Iowa and has had no contact with Plaintiffs. Plaintiffs resist, arguing that the court has both general and specific personal jurisdiction over PRA, Inc. Resistance at 6-12. Plaintiffs base their argument on two theories. First, Plaintiffs claim that PRA, LLC is the alter ego of PRA, Inc., and therefore, the court has personal jurisdiction over PRA, Inc. due to PRA, LLC's contacts with Iowa. Second, Plaintiffs argue that PRA, Inc. qualifies as a "debt collector" under the FDCPA and that it should be held vicariously liable for the actions of its agent, PRA, LLC.

### A. Alter Ego Doctrine

#### 1. Parties' arguments

In the Motion, PRA, Inc. argues that this court cannot exercise personal jurisdiction over it because PRA, Inc. "does not engage in the collection of consumer debts" and does not "conduct any other business in Iowa." Brief in Support of Motion at 3. Plaintiffs counter that the court should disregard the corporate form because PRA, LLC is the alter ego of PRA, Inc. Resistance at 4. Plaintiffs claim that PRA, LLC is the alter ego of

PRA, Inc. because: (1) PRA, Inc. owns all outstanding membership units of PRA, LLC; (2) PRA, Inc.'s website does not distinguish between the parent and its subsidiaries; (3) in its filings with the Securities and Exchange Commission ("SEC"), PRA, Inc. and its subsidiaries are collectively referred to as "the Company," *id.* at 4-5; and (4) PRA, Inc.'s Form 10-Q, a quarterly report filed with the SEC, provides that the Company's "primary business is the purchase, collection and management of portfolios of defaulted consumer receivables," PRA, Inc. Form 10-Q (docket no. 17-5) at 8. In support of their arguments, Plaintiffs cite *Brown v. Portfolio Recovery Associates*, No. H-11-2869 (S.D. Tex. Jan. 20, 2012) (docket no. 17-6).

### 2. *Applicable law*

It is well-settled that a parent corporation is "not doing business in a state merely by the presence of its wholly owned subsidiary." *Epps*, 327 F.3d at 649 (quoting *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 637 (8th Cir. 1975)). When a defendant is a nonresident parent company that owns a subsidiary over which the court has personal jurisdiction, the court must determine whether personal jurisdiction can be properly asserted over the parent company. *See Lakota Girl Scout Council*, 519 F.2d at 637. "If the resident subsidiary corporation is the alter ego of the nonresident corporate defendant, the subsidiary's contacts are those of the parent corporation's, and due process is satisfied." *Epps*, 327 F.3d at 649. The court may disregard the corporate entity "where one corporation is so organized and controlled . . . that it is, in fact, a mere instrumentality or adjunct of another corporation." *Id.* (quoting *Lakota Girl Scout Council*, 519 F.2d at 637); *see also Velez*, 2012 WL 3038535, at *6 ("The alter ego test is satisfied only where 'the record indicates that the parent dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation.'" (quoting *In re Genetically Modified Rice Litig.*, 576 F. Supp. 2d 1063, 1072 (E.D. Mo. 2008))).

The court's determination as to whether a wholly owned subsidiary is the alter ego of a parent corporation "is contingent on the ability of the plaintiffs to pierce the corporate veil." *Epps*, 327 F.3d at 649. In determining whether to pierce the corporate veil, the court applies state law. *Id*. Iowa courts have held that "[a] court may disregard a corporate structure by piercing the corporate veil only under circumstances 'where the corporation is a mere shell, serving no legitimate business purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice.'" *In re Marriage of Ballstaedt*, 606 N.W.2d 345, 349 (Iowa 2000) (quoting *C. Mac Chambers Co. v. Iowa Tae Kwon Do Acad., Inc.*, 412 N.W.2d 593, 597-98 (Iowa 1987)); *see also Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 810 (Iowa 1978) ("In the parent-subsidiary context, [Iowa courts] have stated the corporate entity should be disregarded where doing so would prevent the parent from perpetuating a fraud or injustice, evading just responsibility or defeating public convenience.").

In determining whether the corporate veil should be pierced, the Iowa Supreme Court has held that the factors that the court should consider include:

> whether (1) the corporation is undercapitalized, (2) the corporation lacks separate books, (3) its finances are not kept separate from individual finances, or individual obligations are paid by the corporation, (4) the corporation is used to promote fraud or illegality, (5) corporate formalities are not followed, or (6) the corporation is a mere sham.

*Briggs Transp. Co.*, 262 N.W.2d at 810 (citing *Lakota Girl Scout Council*, 519 F.2d at 638).

### 3. *Application*

The court finds that it does not have specific personal jurisdiction over PRA, Inc. Based on the evidence, PRA, Inc. is not doing business in Iowa and is not authorized by the Iowa Secretary of State to do business in Iowa. Further, PRA, Inc. never contacted Plaintiffs and "does not, and never has, owned or held [Plaintiffs'] debt." Brief in Support

9

of Motion at 3. Therefore, in order for this court to properly exercise personal jurisdiction over PRA, Inc., it must be based on general jurisdiction because PRA, Inc. itself does not have the requisite minimum contacts with Iowa. *See Epps*, 327 F.3d at 650 (finding that a holding company itself did not have sufficient minimum contacts to establish specific jurisdiction before considering whether it could "properly pierce [the subsidiary's] corporate veil under the alter-ego approach to establish general personal jurisdiction over [the parent company]").

In order for this court to have general jurisdiction over PRA, Inc., the court must find that it is appropriate to pierce the corporate veil under the alter ego approach. After reviewing the parties' briefs and exhibits, the court finds that no basis exists for doing so. First, Plaintiffs do not allege that any of the *Lakota Girl Scout Council* factors are present, nor do they allege that PRA, Inc. "dictates every facet of [PRA, LLC's] business." *Velez*, 2012 WL 3038535, at *6 (quoting *In re Genetically Modified Rice Litig.*, 576 F. Supp. 2d at 1072).

Second, the facts that Plaintiffs rely on are insufficient grounds for piercing the corporate veil. PRA, Inc.'s mere ownership of PRA, LLC is not a sufficient contact with Iowa to provide this court with personal jurisdiction over PRA, Inc. *See Epps*, 327 F.3d at 650 ("SISCO's mere ownership of Stewart Guaranty is too distant and limited a contact with Arkansas to justify subjecting it to the District Court's exercise of personal jurisdiction."); *Velez*, 2012 WL 3038535, at *6 (finding that the parent company's ownership of the subsidiary "and its inclusion of the [subsidiary's] assets and liabilities on its balance sheets and SEC filings is insufficient to satisfy the alter ego test . . . . [The parent company's] ownership interest in the [subsidiary] is too distant and limited a contact with Missouri to justify subjecting it to personal jurisdiction" (internal citation omitted)). Moreover, the court agrees with PRA, Inc. that the fact that its SEC filings and website "refer to debt collection activities and refer to PRA[, Inc.] and PRA[, LLC] collectively," Resistance at 4, is not a sufficient reason to pierce the corporate veil.

The facts of this case are nearly identical to those in *Velez*. The plaintiff in *Velez* brought an action in the Eastern District of Missouri against PRA, Inc., alleging violations of the FDCPA. *Velez*, 2012 WL 3038535, at *1. PRA, Inc. moved to dismiss the claims against it on the basis that the district court did not have personal jurisdiction over PRA, Inc. *Id*. The Plaintiff urged the district court to find that PRA, LLC was PRA, Inc.'s alter ego. The district court, however, found no basis for disregarding the corporate form and, thus, dismissed the claims against PRA, Inc. for lack of personal jurisdiction. *Id.* at *6.

The facts in *Velez* and the instant action can be distinguished from those in *Brown*, which is a case that Plaintiffs urge the court to follow. In *Brown*, the plaintiff brought claims against PRA, Inc., alleging violations of the FDCPA. *Brown*, No. H-11-2869, at 1. In that case, the court held that the plaintiff made a prima facie showing of personal jurisdiction. *Id.* at 2. However, in *Brown*, "[i]nformation from PRA[, Inc.]'s website establishe[d] that it ha[d] an office and employees in Texas." *Id*. Therefore, because PRA, Inc. had sufficient contacts with Texas to enable the court to exercise personal jurisdiction over it, the *Brown* court did not address the alter ego theory. *Id*. Here, there is no evidence suggesting that PRA, Inc. has an office or any other contacts sufficient to establish minimum contacts with Iowa.

Therefore, for the foregoing reasons, the court finds that PRA, LLC is not the alter ego of PRA, Inc., and the court cannot exercise personal jurisdiction over PRA, Inc. based on the alter ego theory.

### B. *Vicarious Liability*

#### 1. *Parties' arguments*

In the Motion, PRA, Inc. claims that it is not a debt collector as defined by 15 U.S.C. § 1692a(6) because it "does not engage in the collection of consumer debts." Brief in Support of Motion at 3. In the Resistance, Plaintiffs argue that the court should exercise personal jurisdiction over PRA, Inc. based on an agency theory of vicarious liability.

Resistance at 7-8. Plaintiffs contend that PRA, Inc. qualifies as a "debt collector" under 15 U.S.C. § 1692a(6) and, therefore, as a principal, it may be held vicariously liable for the collection practices of its agents pursuant to the FDCPA. Resistance at 7. Plaintiffs cite *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000), in support of this proposition. Plaintiffs also cite the Restatement (Second) of Agency § 217B (1958) to support their contention that a principal can be joined with an agent in an action resulting from the agent's torts.

### 2. *Applicable law*

The Eighth Circuit has recently held that personal jurisdiction based on the "agency theory" of liability is not appropriate. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (holding that plaintiff's argument that jurisdiction based on an agency relationship should be implied between the subsidiary and the parent company because the subsidiary performed certain services on behalf of the parent company was "inconsistent with [Eighth Circuit] precedent"); *see also Velez*, 2012 WL 3038535, at *7 ("*Viasystems* explicitly rejected an agency theory . . . that an entity 'perform[ed] services sufficiently important to [defendant] that if it did not have a representative to perform them, [defendant's] own officials would undertake to perform substantially similar services.'") (alterations in original) (quoting *Viasystems*, 646 F.3d at 596).

The FDCPA states that the term "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The IDCPA defines "debt collector" as "a person engaging, directly or indirectly, in debt collection, whether for the person, the person's employer, or others, and includes a person who sells, or offers to sell, forms represented to be a collection system, device, or scheme, intended to be used to collect debts." Iowa Code

§ 537.7102(5). In *Pollice*, the court stated that a principal that qualifies as a "debt collector" under the FDCPA "may be held vicariously liable for unlawful collection activities carried out by another on its behalf." *Pollice*, 225 F.3d at 404. Therefore, as Plaintiffs note in their Resistance, this theory of liability only applies if PRA, Inc., the principal, qualifies as a "debt collector."

### 3. *Application*

The parties dispute whether PRA, Inc. is a "debt collector" within the meaning of the FDCPA and IDCPA. However, even if this court found that PRA, Inc. qualifies as a "debt collector," the court cannot base personal jurisdiction on the "agency theory," for the reasons discussed above. Therefore, the court need not address this issue.

The court concludes that "agency theory" is not an appropriate basis for personal jurisdiction. Plaintiffs assert that the agency theory provides this court with jurisdiction over PRA, Inc. because PRA, Inc. used PRA, LLC to collect debts on its behalf. However, based on the Eighth Circuit's holding in *Viasystems*, the court finds that it cannot exercise personal jurisdiction over PRA, Inc. under an agency theory of vicarious liability. *Viasystems*, 646 F.3d at 596; *see also Velez*, 2012 WL 3038535, at *7 (rejecting plaintiff's argument that the court should base personal jurisdiction on an agency theory).

## VIII. ATTORNEY'S FEES AND COSTS

PRA, Inc. argues that Plaintiffs should pay PRA, Inc.'s attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). This provision provides that, if an action brought under the FDCPA "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). PRA, Inc. claims that Plaintiffs had no "factual or legal good faith basis for naming PRA[, Inc.] in this suit." Reply at 4.

To avoid discouraging private litigation under the FDCPA, courts have interpreted § 1692k(a)(3) narrowly when determining whether to award damages to debt collectors. *See Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) (noting that

Congress's intent in passing the FDCPA is to protect consumers from abusive debt collection practices. Therefore, "insulating consumers from the prospect of paying defendants' costs by requiring a finding that the action was brought in bad faith and for harassment is consistent with the stated intent of Congress."); *Guerrero v. RJM Acquisitions L.L.C.*, 499 F.3d 926, 941 (9th Cir. 2007) (The FDCPA was not "intended as a sword to be brandished by debtors who have retained counsel—the very debtors least in need of the Act's protections."); *Velez*, 2012 WL 3038535, at *7 ("Section 1692k(a)(3) should be construed narrowly as to not discourage private litigation under the FDCPA.") (quoting *Kondratick v. Beneficial Consumer Disc. Co.*, No. Civ.A. 04-4895, 2006 WL 305399, at *10 n.4 (E.D. Pa. Feb. 8, 2006)) (internal quotation mark omitted). "For an award to be made, there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant." *Velez*, 2012 WL 3038535, at *7 (quoting *Allers-Petrus v. Columbia Recovery Grp., L.L.C.*, No. C08-5533 FDB, 2009 WL 1160061, at *1 (W.D. Wash. April 29, 2009)) (internal quotation marks omitted).

The court finds that an award of attorney's fees and costs is not justified in this case. Although the court agrees with PRA, Inc. that the court does not have personal jurisdiction over PRA, Inc., "there is no indication that Plaintiff[s'] claim is frivolous, designed to harass, or to avoid the repayment of debt." *Velez*, 2012 WL 3038535, at *7. *See Simmons v. Roundup Funding, L.L.C.*, 622 F.3d 93, 97 (2d Cir. 2010); *cf. Smith v. Argent Mortg. Co.*, 331 Fed. App'x 549, 559 (10th Cir. 2009). Therefore, PRA, Inc.'s request for attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) is denied.

### IX. CONCLUSION

In light of the foregoing, Defendant PRA, Inc.'s Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction (docket no. 16) is **GRANTED**. The Clerk of the Court is **DIRECTED** to dismiss the claims against PRA, Inc.

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA